IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAY LLOYD HARRIS                                                                 PLAINTIFF

v.                                          Civil No. 6:21-cv-6143

DIRECTOR DEXTER PAYNE,
ARKANSAS DIVISION OF CORRECTION (ADC) and
CHIEF DEPUTY DIRECTOR MARSHALL D. REED,
ADC                                                                             DEFENDANTS

## ORDER

Before the Court is a report and recommendation issued by the Honorable Mark E. Ford,

United States Magistrate Judge for the Western District of Arkansas.  ECF No. 14.  Judge Ford

recommends that the Court grant in part and deny in part Defendants' motion to dismiss.  ECF No.

9.  Plaintiff Jay Lloyd Harris objects.  ECF No. 15.

### I.  BACKGROUND

Harris, representing himself, files this civil rights action pursuant to 42 U.S.C. § 1983.  His

claims arise from incidents that occurred while he was incarcerated in the Ouachita River Unit

("ORU") of the Arkansas Division of Correction.

Harris alleges the following facts in his complaint.  The ADC has a "lights out" policy on

weekdays from 10:30 p.m. to 4:30 a.m.  During this time, Harris's sleep is interrupted for

disciplinary court, legal mail delivery, morning pill call, and breakfast.  Harris requires

uninterrupted sleep to maintain proper physical and mental health.  Harris claims that Defendants

violated the Eighth Amendment by depriving him of sleep.  He sues Defendants in their individual

and official capacities and seeks compensatory and punitive damages.  Harris also asks the Court

for prospective injunctive relief against the alleged ongoing constitutional violation.

Defendants move the Court to dismiss all claims. ECF No. 9. Harris opposes the motion. ECF No. 13. Judge Ford has issued a report and recommendation addressing Defendants' motion to dismiss. ECF No. 14. Judge Ford recommends that the Court grant in part and deny in part the motion to dismiss. Plaintiff objects. ECF No. 15.

## II. STANDARD

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* W.D. Ark. Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). Non-specific objections may require "full *de novo* review" if the record is concise. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (requiring *de novo* review when the record was "strikingly brief," and the magistrate judge did not conduct a hearing). A "clearly erroneous" standard of review applies to

the portions of a report and recommendation that are not objected to. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

## III.  DISCUSSION

Harris alleges that Defendants violated the Eighth Amendment by depriving him of sleep. Defendants argue that this claim should be dismissed for three reasons:  (1) Harris's claim is barred by sovereign immunity; (2) Harris's claim is based on Defendants' positions as supervisors; and (3) Defendants are entitled to qualified immunity.

### A.  Sovereign Immunity

As to the official capacity claim, Judge Ford found that the doctrine of sovereign immunity and the Eleventh Amendment prevented Harris from seeking relief in the form of monetary damages but did not prevent him from seeking prospective injunctive relief against the alleged ongoing Eighth Amendment violation.  Neither Harris nor Defendants filed an objection to this claim.  The Court agrees with Judge Ford's recommendation that Harris's claim for monetary damages be dismissed but his claim for prospective injunctive relief remain.

### B.  Supervisory Liability

As to Defendants' argument regarding supervisory liability, Judge Ford found that the allegations in this case are sufficient to assert plausible supervisory liability claims against Defendants in their individual capacities because they are final policy makers for the ADC and received notice of the alleged unconstitutional acts.  Neither Harris nor Defendants filed an objection to this claim, and the Court agrees with Judge Ford's recommendation that Defendants are not entitled to dismissal of Harris's claim based on their positions as supervisors.

### C.  Qualified Immunity

As to Defendants' argument regarding qualified immunity, Judge Ford found that they are

entitled to qualified immunity with respect to the individual capacity claims.  Harris objects to this finding, stating that Defendants "have direct experience with the ['lights out'] [p]olicy" and "should know better."  ECF No. 15.

In determining whether a defendant is entitled to qualified immunity, the Court applies the familiar two-prong framework.  *City Union Mission, Inc. v. Sharp*, 36 F.4th 810, 817 (8th Cir. 2022).  First, the Court determines "whether the plaintiff has stated a plausible claim for violation of a constitutional statutory right."  *Id.*  Second, the Court determines "whether the right was clearly established at the time of the alleged infraction."  *Id.*  The Court may decide which prong to address first but cannot deny qualified immunity without answering both questions in the plaintiff's favor.  *Id.*

Judge Ford found that Harris's allegations of sleep deprivation are sufficient to state a plausible Eighth Amendment claim.  Judge Ford further found that it is not clearly established that sleep deprivation based on multiple nighttime interruptions constitutes a violation of the Eighth Amendment.  Plaintiff objects specifically to this finding and asserts that Defendants should have "know[n] better."  ECF No. 15.

When determining whether a right is clearly established, the Court does "not view the law with a high level of generality."  *Sharp*, 36 F.4th at 817.  Instead, the Court looks "for a controlling case or a robust consensus of cases of persuasive authority.  There need not be a prior case directly on point, but 'existing precedent must have placed the statutory or constitutional question beyond debate.'"  *Id.* (quoting *Thurmond v. Andrews*, 972 F.3d 1007, 1012 (8th Cir. 2020)).  Judge Ford noted that the Eighth Circuit has recognized a general right against sleep deprivation.  *See Walton v. Dawson*, 752 F.3d 1109, 1120 (8th Cir. 2014) (recognizing that "sleep is critical to the human existence" and "conditions that prevent sleep have been held to violate the Eighth Amendment.").

However, Judge Ford determined that this broadly stated right is not framed to the level of specificity required to clearly establish a constitutional right to six hours of sleep uninterrupted by prison services. *See Key v. McKinney*, 176 F.3d 1083, 1086 (8th Cir. 1999) (allegations that being in restraints for a twenty-four-hour period, which made it more difficult to sleep, did not show a serious deprivation of the minimal civilized measure of life's necessities).

Harris alleges that, during the daily six-hour period when lights are out, his sleep is interrupted for disciplinary court, legal mail delivery, morning pill call, and breakfast. Thus, the question for the Court is whether it is clearly established that an inmate has a constitutional right to a period of sleep uninterrupted by activities at the prison. Harris has not directed the Court to, and the Court has not found, any case that clearly establishes this right. Further, the Court can find no "controlling case" or "robust consensus of cases of persuasive authority" that would have notified Defendants that Harris had a clearly established right to a period of sleep uninterrupted by certain prison activities. In other words, the right was not clearly established "such that every reasonable official would understand that what he is doing is unlawful." *Sharp*, 36 F.4th at 817.

Because the Court finds that the right is not clearly established, it must find that Defendants are entitled to qualified immunity. Accordingly, the Court agrees with Judge Ford's recommendation that the individual capacity claims against Defendants be dismissed.

## IV.  CONCLUSION

Being well and sufficiently advised, and upon *de novo* review, the Court overrules Harris's objection and **ADOPTS** the instant report and recommendation (ECF No. 14) for the above-stated reasons. The motion to dismiss filed by Defendants (ECF No. 9) is **GRANTED IN PART** and **DENIED IN PART**. The claim for money damages and the individual capacity claims are **DISMISSED**. The claim for prospective injunctive relief against the alleged ongoing Eighth

Amendment violation remains for further consideration by Judge Ford.

   **IT IS SO ORDERED**, this 29th day of September, 2022.

         /s/ Susan O. Hickey    
         Susan O. Hickey
         Chief United States District Judge