IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAY LLOYD HARRIS                                                                                         PLAINTIFF

v.                                            Case No. 6:21-cv-6143

DIRECTOR DEXTER PAYNE,
Arkansas Division of Correction (ADC);
CHIEF DEPUTY DIRECTOR MARSHALL D. REED, ADC                        DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed December 21, 2022, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 44). Judge Ford recommends that the Court grant the Motion for Summary Judgment filed by Defendants Director Dexter Payne and Chief Deputy Director Marshall D. Reed (ECF No. 36) and dismiss Plaintiff Jay Lloyd Harris' civil rights action, which was filed pursuant to 24 U.S.C. § 1983. Plaintiff has timely filed objections to the Report and Recommendation. (ECF No. 45). The Court finds the matter ripe for consideration.

**I. BACKGROUND**

Plaintiff filed his original complaint on October 25, 2021. It alleges that the Arkansas Division of Correction ("ADC") has a "lights out" policy that, on weekdays, is from 10:30 p.m. to 4:30 a.m. (ECF No. 1, at 4). During these six hours, Plaintiff alleges his sleep is interrupted for disciplinary court, legal mail delivery, morning pill call, and breakfast. (ECF No. 1, at 4). Plaintiff asserts that due to the timing of morning pill call and breakfast, he is faced with a choice between medication and nutrition or needed rest. (ECF No. 1, at 10).

On October 4, 2022, Defendants moved for summary judgment, arguing that Plaintiff failed to properly exhaust his administrative remedies before filing this lawsuit. (ECF No. 36).

On December 21, 2022, Judge Ford issued a Report and Recommendation. (ECF No. 44). Judge Ford finds that the ADC Informal Resolution Procedure required Plaintiff to be more specific when stating his claim. Specifically, Plaintiff should have stated that he was challenging the overall policy of the prison, just as he did during the grievance appeal process. (ECF No. 44, at 10). Judge Ford more importantly notes Plaintiff's failure to name Defendants in the grievance. (ECF No. 44, at 10). Judge Ford finds that Plaintiff has not exhausted his administrative remedies, because he did not name Defendants, which is a required step under the ADC policy. (ECF No. 44, at 10). Judge Ford recommends that the Motion for Summary Judgment (ECF No. 36) be granted and the case dismissed without prejudice. (ECF No. 44, at 10).

On January 9, 2023, Plaintiff filed an Objection (ECF No. 45) to the Report and Recommendation. Plaintiff argues that he should not have to identify Defendants in his grievance. Plaintiff also argues that there were too many potential parties to reasonably name as being responsible for the "lights out" policy.

## II. STANDARD OF REVIEW

Plaintiff has timely filed an objection to Judge Ford's Report and Recommendation. When reviewing a magistrate judge's Report and Recommendation, "the specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1990). Liberally construing Plaintiff's timely objections, the Court finds that they are specific enough to warrant *de novo* review.

Upon *de novo* review and for the reasons set forth below, the Court reaches the same conclusion as Judge Ford, that Plaintiff's civil rights action should be dismissed for the reasons stated in the Report and Recommendation

### III. DISCUSSION

#### A. Exhaustion

The Prison Litigation Reform Act ("PLRA") is clear that an inmate must exhaust available administrative remedies before they can file a lawsuit.  Section 1997e(a) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

Proper exhaustion requires the inmate to have completed "the administrative review process in accordance with the applicable procedural rules."  *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).  While the level of detail needed in a grievance will vary between systems, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones*, 549 U.S. at 218.  "[P]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Woodford*, 548 U.S. at 90-91.  The Supreme Court has held that "exhaustion is no longer left to the discretion of the district court, but is mandatory."  *Id.* at 85.

ADC provides in Administrative Directive 19-34 ("AD 19-34") a process for the resolution of complaints, problems, and other issues.  (ECF No. 36-1, at 1).  AD 19-34 first requires an inmate to participate in an Informal Resolution Procedure, which directs the inmate to submit a "brief statement that is specific as to the substance of the issue or complaint to include the date, personnel

3

involved or witness, and how the policy or incident affected the inmate submitting the form." (ECF No. 36-1, at 6).

Nowhere in Plaintiff's grievance does he mention Defendants, as is required under Arkansas Detention Center policy AD 19-34. The Court believes Plaintiff could have easily named Defendants in the grievance. Defendants would have been the top-level prison officials with knowledge of the policy, making their names easily available to list on the grievance form.

As Plaintiff did not name either Defendant in his Informal Resolution Procedure, the Court agrees with Judge Ford that Plaintiff has not properly exhausted his administrative remedies. Accordingly, Plaintiff is unable to bring a lawsuit against Defendants under the PLRA.

### B. Availability

The PLRA, Section 1997e(a), contains no exceptions to the exhaustion of administrative remedies requirement and forecloses judicial discretion. *Ross v. Blake*, 578 U.S. 632, 638-39 (2016). As Judge Ford notes it does, however, contain "one significant qualifier: the remedies must indeed be 'available' to the prisoner." *Id.* at 639.

"[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross*, 578 U.S. at 642 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). In *Ross*, the Supreme Court noted "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." 578 U.S. at 643. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end, with officers unable or consistently unwilling to provide any relief to aggrieved inmates . . . ." *Id.* "When the facts on the ground demonstrate that no such potential exist, the inmate has no obligation to exhaust the remedy." *Id.* Second, unavailability occurs when "an administrative

4

scheme is so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* at 643-44. Third, "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . such interference with an inmate's pursuit of relief renders the administrative process unavailable." *Id.* at 644. When analyzing whether a grievance procedure is available, an inmate's subjective belief about the futility of the process, or his misunderstanding of the process, is irrelevant to determining whether the process is truly available or not. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Plaintiff argues that he could not comply with the technical requirements of the grievance policy because he was challenging an ADC policy, and it would be impossible to submit a daily grievance.[1] The Court agrees with Judge Ford that Plaintiff is making an argument that the procedure is unavailable. Plaintiff again raises the issue of availability in his Objection. He argues that there are too many people that could be responsible for enacting the "lights out" policy to name any one person.

Neither of these arguments fit into the scenarios described above regarding the availability of an administrative procedure. The ADC administrative procedures do not appear to be a simple dead end. There does not seem to be an administrative scheme that is incapable of use. There is no evidence that there is interference with Plaintiff's pursuit of relief. Accordingly, the Court finds that ADC administrative remedies were available.

### IV. CONCLUSION

Upon *de novo* review and for the reasons stated above, the Court finds that Plaintiff has

---

[1] Inmates are limited to five step-one informal grievances each seven-day period. (ECF No. 36-1, at 15). Further, inmates are limited to three Step-Two formal grievances each seven-day period. (ECF No. 36-1, at 15).

offered neither fact nor law which justifies the Court departing from the Report and Recommendation. Accordingly, the Court overrules Plaintiff's objections and hereby adopts the Report and Recommendation. (ECF No. 44). Defendant's motion for summary judgment (ECF No. 36) is hereby **GRANTED**. Plaintiff's prisoner civil rights claim is **DISMISSED WITHOUT PREJUDICE**.

     **IT IS SO ORDERED**, this 18th day of July, 2023.

                                                  /s/ Susan O. Hickey
                                                  Susan O. Hickey
                                                  Chief United States District Judge